**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE PROTECT DEMOCRACY PROJECT, INC.<br>2020 Pennsylvania Avenue NW, #163<br>Washington, DC 20006<br><br>      Plaintiff<br><br>vs.<br><br>DEPARTMENT OF HOMELAND SECURITY<br>3801 Nebraska Avenue NW<br>Washington, DC 20016<br><br>CUSTOMS AND BORDER PROTECTION<br>1300 Pennsylvania Avenue NW<br>Washington, DC 20229<br><br>OFFICE OF MANAGEMENT AND BUDGET<br>725 17th Street NW<br>Washington, DC 20503<br><br>OFFICE OF PERSONNEL MANAGEMENT<br>1900 E Street NW<br>Washington, DC 20415<br><br>      Defendants. | Case No. _____ |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
<u>(Freedom of Information Act)</u>

Plaintiff, The Protect Democracy Project, Inc., brings this action against Defendants, the

Department of Homeland Security, Customs and Border Protection, Office of Management and

Budget, and Office of Personnel Management, to compel compliance with the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552, and for related declaratory and injunctive relief.

Plaintiff alleges as follows:

## PARTIES

1.      Plaintiff, The Protect Democracy Project, Inc., is a 501(c)(3) tax-exempt organization, incorporated under the laws of the District of Columbia, and headquartered at 2020 Pennsylvania Avenue NW, #163, Washington, DC 20006.

2.      Plaintiff's mission is to protect our democracy from descending into a more autocratic form of government by preventing those in power from depriving Americans of a free, fair, and fully-informed opportunity to exercise ultimate sovereignty.  As part of this mission, Plaintiff seeks to inform public understanding of operations and activities of the government by gathering and disseminating information that is likely to contribute significantly to the public understanding of Executive Branch operations and activities.

3.      Plaintiff regularly requests information pursuant to FOIA.  Consistent with its regular practice, Plaintiff intends to give the public access to documents obtained via these FOIA requests on its website, www.protectdemocracy.org, and to provide information about and analysis of those documents as appropriate.

4.      Defendant Department of Homeland Security ("DHS") is an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1).  Defendant DHS is headquartered at 3801 Nebraska Avenue NW, Washington, DC 20016.  Defendant DHS has possession, custody, and control of the documents that Plaintiff seeks in response to the FOIA request sent to DHS.

5.      Defendant Customs and Border Protection ("CBP") is a component of DHS.  Defendant CBP is headquartered at 1300 Pennsylvania Avenue NW, Washington, DC 20229.  Defendant CBP has possession, custody, and control of the documents that Plaintiff seeks in response to the FOIA request sent to CBP.

6.      Defendant Office of Management and Budget ("OMB") is a component of the Executive Office of the President of the United States and is an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1).  Defendant OMB is headquartered at 725 17th Street NW, Washington, DC 20503.  Defendant OMB has possession, custody, and control of the documents that Plaintiff seeks in response to the FOIA request sent to OMB.

7.      Defendant Office of Personnel Management ("OPM") is an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1).  Defendant OPM is headquartered at 1900 E Street NW, Washington, DC 20415.  Defendant OPM has possession, custody, and control of the documents that Plaintiff seeks in response to the FOIA request sent to OPM.

## JURISDICTION & VENUE

8.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201-2202.

9.      Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

10.     On January 25, 2017, President Trump issued an Executive Order directing DHS to hire an additional 5,000 Border Patrol agents "as soon as is practicable" and stating that OPM "shall take appropriate action as may be necessary to facilitate hiring personnel to implement this order."[1]  In a separate Executive Order issued on the same date, President Trump directed DHS to hire an additional 10,000 Immigration and Customs Enforcement ("ICE") officers.[2]

---

[1] Exec. Order No. 13767, 82 Fed. Reg. 8793 (Jan. 25, 2017).

[2] Exec. Order No. 13768, 82 Fed. Reg. 8799 (Jan. 25, 2017).

11.     On February 20, 2017, then-DHS Secretary John Kelly issued memoranda to CBP and ICE directing the agencies to begin the process of hiring 5,000 additional Border Patrol agents and 10,000 additional ICE officers[3] – in effect, an order to increase the Border Patrol's staff by 25% and to triple ICE's workforce.[4]  To meet these hiring needs, Administration officials have suggested that they will seek to reduce what they view as overly restrictive hiring barriers, including with respect to polygraph examinations and background checks.

12.     The Administration's approach to border enforcement and illegal immigration is an issue of widespread public interest – an issue that is the subject of significant press attention,[5] and that has raised concerns among both current and former government officials.  These officials have suggested that the loosening of hiring standards may undermine the integrity of CBP and ICE and have negative consequences for border security.[6]  They have observed that the

---

[3] Dept. of Homeland Security, "Implementing the President's Border Security and Immigration Enforcement Improvements Policies" (Feb. 20, 2017); Dept. of Homeland Security, "Enforcement of the Immigrations Laws to Serve the National Interest" (Feb. 20, 2017).

[4] *See* Greg Moran, *Trump's plans to rapidly expand Border Patrol comes with big risks*, L.A. Times (Mar. 13, 2017), http://www.latimes.com/local/lanow/la-me-border-patrol-20170313-story.html.

[5] *See generally infra*, notes 6-8.

[6] *See, e.g.*, Dan Frosch and Laura Meckler, *In Rush for New Agents, Border Patrol Weighs Changing Polygraph Program*, Wall St. J. (Apr. 13, 2017), https://www.wsj.com/articles/in-rush-for-new-agents-border-patrol-weighs-changing-polygraph-program-1492084802 (quoting the DHS Inspector General, John Roth, as saying that the "proposed changes [to the agency's hiring practices] fail to achieve the goal of shortening the hiring process" and "increase the risk that unsuitable candidates may be hired"); Amanda Holpuch, *White House plan to hire more border agents raises vetting fear, ex-senior official says*, The Guardian (Feb. 26, 2017), https://www.theguardian.com/us-news/2017/feb/26/trump-plan-border-agents-vetting-james-tomsheck (quoting the former Head of Internal Affairs at CBP, James Tomsheck, as observing that the loosening of hiring standards "would very likely compromise the future integrity of CBP and have strong negative implications on border security, and therefore national security").

CBP's last surge in hiring (from 2006-2008) was fraught with problems and led to an increase in

misconduct by Border Patrol agents.[7]  A recent report by the DHS Inspector General also calls

into question the practicality, and the necessity, of the Administration's rapid hiring plans.[8]

13.    In light of the evident difficulty in ramping up hiring to the levels ordered by the

President and the Secretary of Homeland Security, the Administration's plan to increase the

number of CBP and ICE personnel raises concerns about whether – and to what extent – the

Administration intends to rely on private contractors to provide services related to the

enforcement of immigration law and border security, which are services that have traditionally

been performed by government employees.

14.    Consistent with its mission, The Protect Democracy Project submitted FOIA

requests to DHS, CBP, OMB, and OPM seeking information from the Trump Administration

about its policies and plans for the hiring of new personnel to assist with border enforcement and

illegal immigration.  Specifically, The Protect Democracy Project is requesting information

---

[7] *See* Caroline Kelly and Todd Gillman, *Trump's plan for Border Patrol, ICE hiring surges face timing, security obstacles*, Dallas News (July 6, 2017), https://www.dallasnews.com/news/politics/2017/07/06/trumps-plan-border-patrol-ice-hiring-surges-face-timing-security-obstacles (quoting the former Commissioner of the Immigration and Naturalization Service as stating that "[l]owering and changing standards can lead to integrity issues in the force several years later, and that did happen in the 2000s").

[8] *See* Lisa Rein, *Trump plan to hire 15,000 border and immigration personnel isn't justified, federal watchdog says*, Wash. Post (Aug. 2, 2017), https://www.washingtonpost.com/politics/trump-plan-to-hire-15000-border-and-immigration-personnel-isnt-justified-federal-watchdog-says/2017/08/02/c9345136-77a1-11e7-8839-ec48ec4cae25_story.html?utm_term=.e5e27a1733b2 (summarizing a recent report by the DHS Inspector General that concluded that DHS would be required to vet 750,000 applicants to identify 5,000 qualified personnel); Max Greenwood, *Homeland Security Department cannot prove need for Trump's promised officer surge*, The Hill (Aug. 2, 2017), http://thehill.com/policy/national-security/345070-dhs-cannot-prove-need-for-trumps-promised-officer-surge (citing a portion of the same report by the DHS Inspector General that concluded CBP and ICE were not able to identify how many additional personnel they needed to hire).

concerning the means by which the government will meet the increased levels of personnel called for in President Trump's Executive Orders, and whether the implementation of these Executive Orders will involve the use of private contractors.

15.     As detailed below, Defendants have failed to comply with these requests within the statutorily-prescribed period for doing so under FOIA.

## I.     AUGUST 4, 2017 DHS REQUEST

16.     On August 4, 2017, The Protect Democracy Project submitted a FOIA request to DHS ("the August 4 DHS Request") seeking fifteen categories of records related to the agency's plans for addressing border enforcement and illegal immigration.  The August 4 DHS Request also sought a fee waiver and expedited processing.  A true and correct copy of the August 4 DHS Request is attached as Exhibit 1.[9]

17.     On August 31, 2017, The Protect Democracy Project received a response from DHS acknowledging that DHS had received the request on August 29, 2017 and assigned it DHS FOIA number 2017-HQFO-01293.  In its response, DHS granted Plaintiff's request for a fee waiver and expedited processing.  DHS also stated in the response that it was invoking the 10-day extension to comply with the request pursuant to 6 C.F.R. Part 5 § 5.5(c).[10]  The response did not indicate the scope of the documents DHS would produce or the exemptions DHS would claim with respect to any withheld documents.

---

[9] The attached letter is dated August 3, 2017.  However, The Protect Democracy Project submitted the request to DHS on August 4, 2017.

[10] 6 C.F.R. Part 5 § 5.5(c) is the federal regulation that implements the 10-day extension provided by 5 U.S.C. 552(a)(6)(B)(i).  This statutory provision and the corresponding regulation are referred to interchangeably throughout the Complaint.

18.     Pursuant to FOIA, within 30 business days of receipt of Plaintiff's request, DHS was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," and, in the case of an adverse determination, Plaintiff's appeal rights. 5 U.S.C. §552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B)(i). DHS received the request on August 4, 2017.  DHS's response was due no later than September 18, 2017.

19.     To date, The Protect Democracy Project has received no further response from DHS related to the August 4 DHS Request.

## II.     AUGUST 4, 2017 CBP REQUEST

20.     On August 4, 2017, The Protect Democracy Project submitted a FOIA request to CBP ("the August 4 CBP Request") seeking fifteen categories of records related to the agency's plans for addressing border enforcement and illegal immigration.  The August 4 CBP Request also sought a fee waiver and expedited processing.  A true and correct copy of the August 4 CBP Request is attached as Exhibit 1.[11]

21.     On August 4, 2017, The Protect Democracy Project received an automated response from CBP confirming submission of the August 4 CBP Request and assigning it CBP FOIA number 2017-077953.  CBP revised the FOIA number for the August 4 CBP Request on several occasions thereafter, most recently to CBP FOIA number OA-2017-077953.[12]

---

[11] The attached letter is dated August 3, 2017.  However, The Protect Democracy Project submitted the request to CBP on August 4, 2017.

[12] There have been several changes to the FOIA number for the August 4 CBP Request. Specifically, on August 14, 2017, CBP revised the FOIA number from 2017-077953 to OA-2017-077953.  Then, on August 22, 2014, CBP revised the FOIA number from OA-2017-077953 back to 2017-077953.  On August 25, 2017, CBP revised the FOIA number from 2017-077953 to OTIA-2017-077953, and then, later that day, CBP revised the FOIA number back to OA-2017-077953.

22.     On August 11, 2017, The Protect Democracy Project received another automated notice from CBP acknowledging receipt of the August 4 CBP Request on August 4, 2017. CBP's response did not indicate the scope of the documents CBP would produce or the exemptions CBP would claim with respect to any withheld documents.

23.     On August 14, 2017, The Protect Democracy Project received an email from CBP granting its request for a fee waiver.

24.     On August 25, 2017, The Protect Democracy Project received an email from CBP granting its request for expedited processing.

25.     On August 29, 2017, The Protect Democracy Project received an email from CBP stating that the August 4 CBP Request was "very broad in scope" and that, with respect to The Protect Democracy Project's requests for communications on certain topics, CBP was seeking additional information regarding the "offices and positions you wish CBP to search."  In this email, CBP did not ask Plaintiff to perfect its request and did not state that it was seeking to toll its statutory timeline for making a determination as to The Protect Democracy Project's request.

26.     On September 20, 2017, The Protect Democracy Project sent an email responding to CBP's request for additional information.  In this email, The Protect Democracy Project stated that the relevant offices were set forth in the August 4 CBP Request, and directed CBP to the relevant language in the August 4 CBP Request.  With respect to CBP's request for a list of "positions . . . to search," The Protect Democracy Project stated that it lacked sufficient information to compile such a list but was willing to discuss potential solutions with CBP.

27.     On October 3, 2017, CBP sent an email to The Protect Democracy Project stating: "In reviewing your request it appears we need to narrow the scope a little further, which employees or positions in the offices do you wish us to search, upper level management?  I.e.

Assistant Commissioner, Chief of Border patrol?"  In its October 3 email, CBP did not state that it was seeking to toll CBP's statutory timeline for making a determination as to The Protect Democracy Project's request.

28.     On the same date, The Protect Democracy Project sent a response to CBP stating that it would be "happy to be narrow the scope if possible," while reiterating that it "lack[s] sufficient information about the organization of these offices to identify possible custodians in more detail without further information from [CBP]."  The Protect Democracy Project asked CBP to "provide further information on the names and natures of the positions in the offices listed," and further stated that, "[t]o the extent you have undertaken an initial assessment of which employees may have responsive documents – through questionnaires or otherwise – we would certainly be happy to discuss whether there are appropriate ways to narrow the scope in light of that information."

29.     Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request, CBP was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," and, in the case of an adverse determination, Plaintiff's appeal rights. 5 U.S.C. § 552(a)(6)(A)(i).  CBP received the request on August 4, 2017.  CBP's response was due no later than September 1, 2017.

30.     In its August 11 correspondence, CBP referenced the potential availability, under 6 C.F.R. Part 5 § 5.5(c), of a 10 business day extension to FOIA's 20 business day response deadline.   However, CBP did not invoke this extension; nor did it specify any claimed "unusual circumstances" that would have permitted it to invoke the extension.  Even if CBP had properly invoked the 10-day extension, its response would have been due no later than September 18, 2017.

31.     To date, The Protect Democracy Project has received no further response from CBP related to the August 4 CBP Request.

III.   **AUGUST 4, 2017 OMB REQUEST**

32.     On August 4, 2017, The Protect Democracy Project submitted a FOIA request to OMB ("the August 4 OMB Request") seeking three categories of records related to the agency's plans for addressing border enforcement and illegal immigration.  The August 4 OMB Request also sought a fee waiver and expedited processing.  With respect to its request for expedited processing, The Protect Democracy Project certified that its request met the criteria for expedited processing under Defendant OMB's regulations, 5 C.F.R. § 1303.10(d)(ii), (iv), because there is an "urgency to inform the public about an actual or alleged Federal Government activity," the request is "made by a person who is primarily engaged in disseminating information," and the request concerns "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that could affect public confidence."  A true and correct copy of the August 4 OMB Request is attached as Exhibit 2.

33.     On August 28, 2017, The Protect Democracy Project sent an email to OMB attaching the August 4 OMB Request and asking OMB to confirm receipt of the request.

34.     On September 8, 2017, The Protect Democracy Project received a response from OMB stating that the August 4 OMB Request had been received on September 7, 2017 and assigned OMB FOIA number 2017-426.  The response did not address Plaintiff's fee waiver and expedited processing requests, and did not indicate the scope of the documents OMB would produce or the exemptions OMB would claim with respect to any withheld documents.

35.     Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request, OMB was required to "determine . . . whether to comply with such request" and to "immediately

notify" Plaintiff of "such determination and the reasons therefor," and, in the case of an adverse

determination, Plaintiff's appeal rights. 5 U.S.C. § 552(a)(6)(A)(i).  OMB received the request

on August 4, 2017.  OMB's response was due no later than September 1, 2017.

36.     To date, The Protect Democracy Project has received no further response from

OMB related to the August 4 OMB Request.

## IV.     AUGUST 4, 2017 OPM REQUEST

37.     On August 4, 2017, The Protect Democracy Project submitted a FOIA request to

OPM ("August 4 OPM Request") seeking three categories of records related to the agency's

plans for addressing border enforcement and illegal immigration, including, among other

requests, "[a]ll documents, including communications, memoranda, assessments, and final

determinations, related to the requests by [DHS] for various hiring authorities outlined . . . [in]

[DHS's] '90-day Progress Report to the President on Executive Order 13767: Border Security

and Immigration Enforcement Improvements.'"

38.     The August 4 OPM Request also sought a fee waiver and expedited processing.

With respect to its request for expedited processing, The Protect Democracy Project certified that

its request met the criteria for expedited processing under 5 U.S.C. § 552(a)(6)(E)(v)(ii) because

there is an "urgency to inform the public about an actual or alleged Federal Government

activity," the request is "made by a person who is primarily engaged in disseminating

information," and the request concerns "[a] matter of widespread and exceptional media interest

in which there exist possible questions about the government's integrity that could affect public

confidence."  A true and correct copy of the August 4 OPM Request is attached as Exhibit 3.

39.     On August 4, 2017, The Protect Democracy Project received an automated response from OPM stating that the August 4 OPM Request had been received and would be "forwarded to the appropriate OPM office for response as quickly as possible."

40.     On August 10, 2017, The Protect Democracy Project received a letter from OPM stating that the August 4 OPM Request had been received and assigned OPM FOIA number 2017-05971.  OPM's response also stated that it had placed the request on the "complex track" reserved for "complex requests involving voluminous records, [and] extensive searches or consultations (requiring more than 20 workdays to respond)."  The response did not address Plaintiff's fee waiver and expedited processing requests, and did not indicate the scope of the documents OPM would produce or the exemptions OPM would claim with respect to any withheld documents.

41.     On August 28, 2017, OPM sent an email to The Protect Democracy Project requesting that The Protect Democracy Project provide a copy of the "Border Security and Immigration Enforcement Improvements" document referenced in the August 4 OPM Request. On the same date, The Protect Democracy Project responded by email and provided OPM with the requested document.

42.     Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request, OPM was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," and, in the case of an adverse determination, Plaintiff's appeal rights. 5 U.S.C. § 552(a)(6)(A)(i).  OPM received the request on August 4, 2017.  OPM's response was due no later than September 1, 2017.

43.     To date, The Protect Democracy Project has received no further response from OPM related to the August 4 OPM Request.

## COUNT I - FAILURE TO COMPLY WITH FOIA

44.     The Protect Democracy Project incorporates each of the foregoing paragraphs of this Complaint.

45.     Pursuant to FOIA, 5 U.S.C. § 552(a), The Protect Democracy Project has a statutory right to access requested agency records.

46.     Pursuant to 5 U.S.C. § 552(a)(6)(E), the Protect Democracy Project is entitled to expedited processing of the FOIA requests described in this complaint.

47.     Pursuant to 5 U.S.C. § 552(a)(4)(A), the Protect Democracy Project is entitled to a waiver of all fees, other than reasonable standard charges for document duplication.

48.     Defendants have failed to comply with the time limits prescribed by FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i)-(ii) and 5 U.S.C. §§ 552(a)(6)(B)(i)-(ii).

49.     Defendants have failed to conduct a reasonable search for records responsive to the requests.

50.     Defendants have failed to properly respond to The Protect Democracy Project's record requests.

51.     Defendants OMB and OPM have failed to respond to The Protect Democracy Project's fee waiver requests.

52.     Defendants OMB and OPM have failed to respond to The Protect Democracy Project's requests for expedited processing.

## PRAYER FOR RELIEF

WHEREFORE, The Protect Democracy Project respectfully requests that this Court enter a judgment for Plaintiff and award the following relief:

a.      Order Defendants, by a date certain, to conduct searches that are reasonably likely to lead to the discovery of any and all records responsive to Plaintiff's requests;

b.      Order Defendants, by a date certain, to demonstrate that they have conducted

adequate searches;

c.      Order Defendants, by a date certain, to produce to Plaintiff any and all non-

exempt records or portions of records responsive to Plaintiff's requests, as well as

*Vaughn* indices of any records or portions of records withheld due to a claim of

exemption;[13]

d.      Enjoin Defendants from withholding the requested records;

e.      Order Defendants OMB and OPM to grant the fee waivers requested in Plaintiff's

submissions to OMB and OPM of August 4, 2017;

f.      Issue a declaration that the failure of Defendants OMB and OPM to respond to

Plaintiff's fee waiver requests violates 5 U.S.C. § 552(a)(4)(A);

g.      Order Defendants OMB and OPM to expedite the processing of Plaintiff's

requests submitted to OMB and OPM on August 4, 2017;

h.      Issue a declaration that the failure of Defendants OMB and OPM to respond to

Plaintiff's requests for expedited processing violates 5 U.S.C. § 552(a)(6)(E);

i.      Pursuant to 5 U.S.C. § 552(a)(4)(E), award Plaintiff its costs and attorney's fees

reasonably incurred in this action; and

j.      Grant Plaintiff such other and further relief as the Court may deem just and

proper.

---

[13] *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974) (agency opposing a FOIA request should provide an itemized index correlating each withheld document (or portion) with a specific exemption justification).

October 13, 2017                              Respectfully submitted,


                                             */s/ Kevin Barnett*_____
                                             Kevin Barnett (D.C. Bar No. 1003410)
                                             Jennifer H. Saperstein (D.C. Bar No. 989743)*
                                             Nikhil V. Gore (D.C. Bar No. 1019777)*
                                             Covington & Burling LLP
                                             One CityCenter
                                             850 Tenth Street NW
                                             Washington, DC 20001
                                             (202) 662-5430
                                             kbarnett@cov.com

                                             Laurence M. Schwartztol*
                                             The Protect Democracy Project
                                             10 Ware Street
                                             Cambridge, MA 02138
                                             (202) 856-9191
                                             larry.schwartztol@protectdemocracy.org

                                             ATTORNEYS FOR PLAINTIFF

                                             * *Application pending for admission to the
                                             District Court Bar.*